UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DO IT BEST CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO. 1:13-CV-69 |
| | ) |
| HEINEN HARDWARE, LLC d/b/a | ) |
| HEINEN DO IT BEST HARDWARE, | ) |
| JOSEPH M. HEINEN, and | ) |
| RACHELLE S. HEINEN, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

### **I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses and to Order Defendants to Respond to Allegations in Plaintiff's Complaint.  (Docket # 19.)  Defendants opposed the motion (Docket # 21), and Plaintiff replied (Docket # 22).  As such, the motion is ripe for ruling.  For the following reasons, the motion will be GRANTED.

### **II.  FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2013, Plaintiff Do it Best Corp. sued the Defendants, Heinen Hardware, LLC, Joseph M. Heinen, and Rachelle S. Heinen, alleging that they defaulted on their agreement with Do it Best.  (*See* Docket # 1.)  After their first Answer was stricken for violating Local Rule 10-1 (Docket # 14), Defendants filed their Amended Answer on April 23, 2013, asserting fifteen affirmative defenses.  (Docket # 15.)  Defendants also answered several of the Complaint's allegations with essentially the following response: "Defendants deny the material allegations contained in the corresponding paragraph of Plaintiff's Complaint; the same calls for a legal

1

conclusion and documents or other items therein speak for themselves." (Am. Answer ¶¶ 3-7, 9-11, 13-14, 16-18 (paragraph 4 differs slightly, but is substantively the same).)

On May 15, 2013, Plaintiff filed the instant motion, asking the Court to strike Defendants' affirmative defenses and order them to properly respond to the Complaint's allegations. (Docket # 19.) Specifically, Plaintiff argues that affirmative defenses 1 through 14 are insufficiently pled under Federal Rule of Civil Procedure 8 because they are merely bare conclusory allegations and that the fifteenth affirmative defense, which reserves all other available defenses under federal and Indiana law discovered during the litigation (Am. Answer 7), is an improper affirmative defense. (*See* Pl.'s Mot. to Strike Defs.' Affirmative Defenses and to Order Defs. to Respond to Allegations in Pl.'s Compl. ("Pl.'s Mot. to Strike") 2-4.) Plaintiff further contends that Defendants' repeated response in their Answer that the allegations "call for a legal conclusion" and the documents "speak for themselves" are insufficient responses that should be stricken.[1] (Pl.'s Mot. to Strike 4-7.)

In response, Defendants maintain that a motion to strike an affirmative defense should only be granted if the defense is patently defective and unable to succeed under any set of circumstances, a standard Plaintiff has failed to meet. (Defs.' Resp. 2-3 (citing *Scott v. Durham*, 772 F. Supp. 2d 978, 980 (N.D. Ind. 2011).) And, as to the latter part of Plaintiff's motion, Defendants argue that they did not state merely that the allegation calls for a legal conclusion or

---

[1] Plaintiff also point out that Defendants failed to admit whether the exhibits attached to the Complaint were true and accurate copies of what they purport to be. (Pl.'s Mot. to Strike 7-8 (citing *Ind. Reg'l Council of Carpenters Pension Trust Fund v. Fid. & Deposit Co. of Md.*, No. 2:06-cv-32-PPS-PRC, 2006 WL 3302642, at *2 (N.D. Ind. Nov. 9, 2006).) In their response, Defendants admit to not realizing that the exhibits were also a focus of the allegations and represent that they will revise their response accordingly. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Strike Defs.' Affirmative Defenses and to Order Defs. to Respond to Allegations in Pl.'s Compl. ("Defs.' Resp.") 4.)

the document speaks for itself, but rather asserted an actual denial and informed Plaintiff as to whether the denial was based on the facts or otherwise.  (Defs.' Resp. 3-4.)

Plaintiff counters that *Scott*, 772 F. Supp. 2d, which Defendants rely on, did not establish a novel standard of review for striking affirmative defenses and that a failure to comply with Rule 8, which Plaintiff alleges has occurred here, renders an affirmative defense patently defective.  (Pl.'s Reply to Defs.' Resp. in Opp'n to Pl.'s Mot. to Strike and to Order Defs. to Respond to Allegations in Pl.'s Compl. ("Pl.'s Reply") 1-2.)  Furthermore, Plaintiff further disagrees with Defendants' characterization of the challenged responses, contending that they are based on objections that are improper; that is, the allegations call for a legal conclusion or the documents speak for themselves.  (Pl.'s Reply 3.)

### III.  STANDARD

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial."  *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011).  The decision whether to strike material under Rule 12(f) is within the discretion of the district court.  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## IV.  DISCUSSION

In its motion, Plaintiff seeks to strike all of Defendants' affirmative defenses and several of Defendants' responses to Plaintiff's allegations—which, besides some slight variations, are essentially identical—from their Amended Answer.  Each of these will be addressed in turn.

### A.  *The Affirmative Defenses Will Be Stricken*

Defendants assert the following fifteen affirmative defenses in their Amended Answer: breach of contract; failure of consideration; accord and satisfaction; failure to perform; waiver, estoppel, and acquiescence; fraud; statute of limitations; statute of frauds; offset and/or setoff; failure of perfection and/or priority; failure to state a claim upon which relief may be granted; illegal contract and/or contract against public policy; violations of state and federal securities law; violation of Indiana Franchise Act and Deceptive Practices Act; and all other available defenses under federal and Indiana law that are discovered during prosecution of the case. Plaintiff seeks to strike all of these defenses as either insufficiently pled or improper.

*1.  Standard of Review*

The parties first dispute the applicable standard governing the striking of an affirmative defense.  Defendants maintain that an affirmative defense should only be stricken when it is patently defective and unable to succeed under any circumstances; Plaintiff contends that a failure to comply with Rule 8 renders an affirmative defense patently defective and unable to succeed.  As explained below, Plaintiff's reading is correct.

An affirmative defense is a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense.  *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *1 (N.D. Ind. Jan. 30, 2012) (citing *Heller*, 883 F.2d at 1294).

When faced with a motion to strike affirmative defenses under Rule 12(f), courts apply a three-part test: "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2007 WL 1238917, at *1 (N.D. Ill. Apr. 25, 2007) (citing *Surface Shields, Inc. v. Poly-Tak Prot. Servs., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003)). An affirmative defense that fails to meet any of these standards must be stricken. *Id.* (citations omitted). Ultimately, however, affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Cottle*, 2012 WL 266968, at *1 (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."))).

In *Heller*, several defenses were deemed meritless because they were "nothing but bare bones conclusory allegations," with the defendant failing, as Rule 8 requires, to provide a "short and plain statement of facts" or to allege "the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295. As such, failure to comply with Rule 8 renders an affirmative defense "insufficient on the face of the pleadings," or "patently defective," justifying its striking—the exact standard that Plaintiff endorses. *See Stafford v. Conn. Life. Ins. Co.*, No. 95 C 7152, 1996 WL 197677, at *2 (N.D. Ill. Apr. 22, 1996) (striking conclusory affirmative defenses as deficient on their face).

*2. Analysis*

Applying the three-part test to the instant case, all of Defendants' fifteen affirmative defenses should be stricken. First, the fifteenth affirmative defense, in which Defendants reserve the right to assert additional affirmative defenses discovered during the litigation, fails the first part of the test because reserving the right to add additional affirmative defenses is not a proper affirmative defense. *United States v. Global Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). Rather, if Defendants later believe that adding another affirmative defense is warranted, they may seek leave to amend their pleadings under Federal Rule of Civil Procedure 15(a). *Global Mortg. Funding*, 2008 WL 5264986, at *5; *Reis Robotics*, 462 F. Supp. 2d at 907.

The remaining fourteen affirmative defenses are merely one word or a phrase identifying the defenses, but wholly failing to set forth a short and plain statement of their nature, *see Heller*, 883 F.2d at 1294, thus failing the second part of the test. And although an affirmative defense need only be a brief statement, "it must provide plaintiff with adequate notice of the relevant elements." *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 247996, at *4 (N.D. Ill. Apr. 24, 1995); *see also Ortho-Tain*, 2007 WL 1238917, at *2 ("Bare bones conclusory statements are not sufficient; a party must allege each element of the defense.").

But Defendants pled only bare legal conclusions—that the claims set forth in the Complaint are barred in whole or part by the fifteen asserted defenses such as breach of contract, waiver, estoppel, and acquiescence, and fraud—without providing any facts in support. "Simply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the

6

liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient." *ADM Investor Servs., Inc. v. Collins*, No. 05 C 1823, 2006 WL 224095, at *8 (N.D. Ill. Jan. 26, 2006). By not providing any factual support, Defendants also fail to give Plaintiff notice as to how the defenses apply. *See Pringle v. Garcia*, No. 2:09-CV-22-RLM-PRC, 2009 WL 1543460, at *1-2 (N.D. Ind. June 2, 2009). Indeed, because of the lack of explanation, Plaintiff represents that at least two of the defenses— alleged violations of state and federal securities laws and of the Indiana Franchise and Deceptive Practices Acts—are not even applicable to this case. (Pl.'s Mot. to Strike 4.) And, in *Pringle*, 2009 WL 1543460, at *1-2, the Court struck the affirmative defenses of lack of consideration, failure to state a claim, and lack of a perfected security interest, all of which Defendants assert here and in a similar conclusory fashion, for failing to provide any factual support or explanation of how they applied.

Moreover, Defendants' "breach of contract defense fails to make reference to any of the elements of a breach of contract claim," warranting its striking as well. *Reis Robotics*, 462 F. Supp. 2d at 906. Similarly, although Defendants also assert fraud as an affirmative defense, they "fail[ ] to plead with heightened particularity the alleged circumstances constituting fraud as required by Rule 9(b)." *Id.* (citations omitted). And Defendants' waiver and estoppel defense is an equitable defense that must be pled with the specific elements required to establish the defense, *id.* at 907 (citations omitted), which Defendants wholly fail to do. *See also Stafford*, 1996 WL 197677, at *2 (dismissing affirmative defenses, including waiver, estoppel, failure to state a claim, and statute of limitations, where defendant asserted legal conclusions with no factual support). Their statute of limitation defense likewise fails to set out the specific applicable statute of limitations, the statute's time limits, or the manner in which the statute bars

Plaintiff's case.  *Puryear v. Ind. Pallet Co.*, No. 2:11-CV-12-PRC, 2011 WL 5553697, at *2 (N.D. Ind. Nov. 15, 2011).  Along those same lines, the failure to state a claim defense provides no explanation as to how and in what portion of the Complaint Plaintiff has failed to state a claim, amounting to a mere bare statement and warranting its striking.  *Reis Robotics*, 462 F. Supp. 2d at 905; *see McGrath v. Godshalk*, No. 2:07 CV 34, 2007 WL 2746865, at *12 (N.D. Ind. Sept. 18, 2007).

Ultimately, "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)."  *Reis Robotics*, 462 F. Supp. 2d at 907.  And "[i]t is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations,' or what have you) for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which is after all the goal of notice pleading."  *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  This is exactly what Defendants have done here, and, as such, all fifteen of their affirmative defenses will be stricken without prejudice.

### B.  *Defendants' Formulaic Responses Will Be Stricken*

In their Amended Answer, Defendants respond to thirteen of Plaintiff's allegations in essentially the same way; they "deny material allegations contained in the corresponding paragraph of Plaintiff's Complaint" and state that "the same calls for a legal conclusion and documents or other items therein speak for themselves."  (Am. Answer ¶¶ 3-7, 9-11, 13-14, 16-18.)  Federal Rule of Civil Procedure 8(b) provides that when responding to a pleading, "a party must admit or deny the allegations asserted against it by an opposing party."  FED. R. CIV. P.

8(b)(1)(B). The rule further requires a party lacking knowledge or information sufficient to form a belief about the truth of an allegation to state as such. FED. R. CIV. P. 8(b)(5).

As both parties recognize, district courts within the Seventh Circuit Court of Appeals have consistently found that responses that an allegation is a "legal conclusion" or that a document "speaks for itself" are insufficient and contrary to the Federal Rules of Civil Procedure. *N. Ind. Metals v. Iowa Express, Inc.*, No. 2:07-CV-414-PRC, 2008 WL 2756330, at *3-4 (N.D. Ind. July 10, 2008); *see, e.g.*, *Ind. Reg'l Council*, 2006 WL 3302642, at *2 (collecting cases holding that a response indicating that a document "speaks for itself" is insufficient under the Federal Rules); *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005) ("Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document on the grounds that the document 'speaks for itself[ ]' . . . and declining to respond to an allegation because it 'states a legal conclusion.'"); *State Farm*, 199 F.R.D. at 278 (noting that declining to respond to an allegation because it states a legal conclusion violates Rule 8(b)'s express requirement that all allegations must be responded to).

Defendants contend, however, that they did not refuse to answer the allegations or assert only that the allegations call for a legal conclusion or the document speak for themselves; rather, they claim that each of the challenged responses contains an actual denial and informs Plaintiff as to whether the denial is based on the facts or otherwise. (Defs.' Resp. 4.)

While it is true that the responses at issue assert denials, all of them "deny the material allegations contained in the corresponding paragraph of Plaintiff's Complaint," before claiming that the allegations call for a legal conclusion and that the documents or other items speak for

9

themselves (Am. Answer ¶ 3-7, 9-11, 13-14, 16-18).  As such, there is a real question about whether Defendants' denials were impermissibly based on the belief that the allegations called for a legal conclusion or that the documents speak for themselves.  Irrespective of these inadequacies, Defendants' purported denials themselves are also insufficient because they deny only the "material allegations" contained in the corresponding paragraph.  But by responding to only the material allegations contained in a specific paragraph, Defendants "fail to provide adequate substantive guidance to the Plaintiff as to the Defendant[s'] position on the allegations in that respective paragraph." *Ind. Reg'l Council*, 2006 WL 3302642, at *3.

For example, paragraph 11 of the Complaint alleges that "[u]pon information and belief, [Heinen Hardware] continues to use and display the Marks without right, even though Do it Best has made demand that [Heinen Hardware] immediately cease and desist from using or displaying the Marks."  (Compl. ¶ 11.)  Defendants respond that they "deny the material allegations contained in the corresponding paragraph of Plaintiff's Complaint; the same calls for a legal conclusion and documents or other items therein speak for themselves."  (Am. Answer ¶ 11.)  Not only are there no documents or other items referenced in this paragraph, but "[t]his cryptic answer begs the question: according to the Defendant[s], what allegations are material in ¶ [11]?" *Ind. Reg'l Council*, 2006 WL 3302642, at *3.

Yet Rule 8(b) requires that *all* allegations be responded to, *State Farm*, 199 F.R.D. at 278, not merely those that Defendants deem material.  Contrary to what Defendants claim, such cryptic responses do not inform Plaintiff of whether their denials were based on the facts or otherwise.  Accordingly, Defendants' answers to paragraphs 3-7, 9-11, 13-14, and 16-18 of the Complaint will be stricken and Defendants will be ordered to amend their Answer to properly

and specifically plead as to *all* of the allegations contained in those paragraphs, *Ind. Reg'l Council*, 2006 WL 3302642, at *3, without basing that response on the belief that an allegation calls for a legal conclusion or that a document speaks for itself.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Affirmative Defenses and to Order Defendants to Respond to Allegations in Plaintiff's Complaint (Docket # 19) is GRANTED.  Defendants' fifteen affirmative defenses and responses to paragraphs 3-7, 9-11, 13-14, and 16-18 of the Complaint are STRICKEN without prejudice from the Amended Answer.  Defendants are ORDERED to further amend their Amended Answer to properly and specifically respond to these paragraphs and, as Defendants agreed they would do, to admit whether the exhibits attached to the Complaint are true and accurate copies of what they purport to be.  The Second Amended Answer is to be filed by July 22, 2013.

SO ORDERED.

Entered this 8th day of July, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge